OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition dated January 17, 2012. Following a hearing held on April 5, 2012, the Special Referee sustained the charge set forth in the petition. The Grievance Committee now moves to confirm the report of the Special Referee and for imposition of such discipline as the Court deems just and proper. The respondent has neither cross-moved nor submitted any papers in response to the motion.
Charge one alleges that the respondent was convicted of a serious crime, in violation of rule 8.4 (b), (c) and (h) of the *3 Rules of Professional Conduct (22 NYCRR 1200.0). On or about February 3, 2011, the respondent pleaded guilty before the Honorable Robert C. McGann, in the Supreme Court, Queens County, to criminal facilitation in the fourth degree, in violation of Penal Law § 115.00, a class A misdemeanor.
The plea minutes disclosed that the respondent helped to facilitate a mortgage fraud scheme in which stolen identities were employed to buy and sell properties in Queens.
Based on the uncontroverted evidence, and the respondent’s admissions, the Special Referee properly sustained the charge. Accordingly, the Grievance Committee’s motion to confirm the Special Referee’s report is granted.
The Grievance Committee advises that the respondent has a prior disciplinary history consisting of one letter of admonition and two letters of caution.
In mitigation, the respondent, at the hearing, requested consideration of the fact that the mortgage fraud scheme, into which he unwittingly was drawn, was an isolated occurrence, that he was involved in only one transaction, that he cooperated with law enforcement authorities, and that he made restitution as part of his sentence. Notwithstanding these mitigating factors, the respondent has a prior disciplinary history. Moreover, he sought to profit from the transaction inasmuch as he charged an excessive fee for his services.
Under the totality of circumstances, we find that a suspension from the practice of law for a period of two years is warranted.
Eng, PJ., Mastro, Rivera, Suelos and Lott, JJ., concur.
Ordered that the petitioner’s motion to confirm the Special Referee’s report is granted; and it is further,
Ordered that the respondent, Percy A. Randall, Jr., is suspended from the practice of law for a period of two years, effective immediately, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than April 2, 2015. In such application, the respondent shall furnish satisfactory proof that during that period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) has otherwise properly conducted himself; and it is further,
*4 Ordered that the respondent, Percy A. Randall, Jr., shall continue to comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Percy A. Randall, Jr., shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further, Ordered that if the respondent, Percy A. Randall, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).